FREDE, Appellant, vs. PFLUGRADT and another, Respondents.

*April 13 — May 2, 1893.*

*Statute of frauds: Sale of land by oral contract: Specific performance: Pleading: Evidence.*

1. After the execution and delivery of a deed of land as security for the performance of a contract, the grantee, by oral agreement, purchased the land of the grantor, paid full consideration, and went into possession. *Held,* that he was entitled to a specific performance of the oral contract to convey.

2. Such facts, though pleaded merely as a defense, are available to the grantee to defeat an action by the grantor to have the deed canceled and the title released to him on the ground that the contract secured thereby had been fully performed.

APPEAL from the Circuit Court for *Milwaukee* County.

Action in equity for the cancellation and redelivery of a deed of land. Plaintiff was the wife of Ernest Frede. She owned lot 28, block 17, Ludington's subdivision, Milwaukee. Her husband owned lot 27 in the same subdivision. On the 15th of September, 1890, Ernest Frede contracted with defendant *Pflugradt* to build a house according to certain plans on lot 27, and on the 1st of December following convey the lot, with the house completed, to *Pflugradt*. In consideration of this contract *Pflugradt* agreed to assume a mortgage of $825 on said lot 27, deed to Frede lots 5 and 6, block 8, Menlo Park, and pay $375 in money. To secure the performance of her husband's contract, and for no other consideration, the plaintiff executed at the same time a warranty deed of her lot, No. 28, running to *Pflugradt*, which was immediately delivered, and was recorded October 4, 1890.

Plaintiff claims in her complaint that her husband fully performed his contract according to its terms, whereby she is entitled to a return of her deed, but that *Pflugradt* has conveyed the property to defendant *Ruemmele*, who had notice of the facts; and she prays that the deeds from herself to *Pflugradt*, and from *Pflugradt* to *Ruemmele*, be canceled and that said defendants be directed to release to her, and that she have an accounting for the profits.

Defendant *Pflugradt* admits the original execution and delivery of the deed as security only, but alleges that in October, 1890, by agreement between himself and Ernest and *Caroline Frede*, a new oral contract was made between them, canceling the first agreement, and by which *Caroline Frede* sold lot 28 absolutely to *Pflugradt*, and received a full consideration therefor, and *Pflugradt* received and held possession of said lot 28, and held the same until he sold it to *Ruemmele*, in January, 1891, since which time *Ruemmele* has been in possession. The facts are not pleaded as a counterclaim, but simply as a defense.

There is no bill of exceptions. The findings of fact of the court are substantially in accordance with the facts alleged in defendants' answer, and as a conclusion the court held that there had been such partial performance of the oral contract to convey lot 28 as to take the same out of the statute of frauds, and that the complaint should therefore be dismissed. From judgment thereon, plaintiff appeals.

For the appellant there was a brief by *Frank J. Lenicheck*, and oral argument by *Mr. Lenicheck* and *S. W. Dalberg*. They contended, *inter alia*, that it is only in actions for specific performance that parol evidence can be admitted to prove parol contracts for sale of land. *Brandeis v. Neustadtl*, 13 Wis. 149; *Bowen v. Warner*, 1 Pin. 600; *School Dist. v. Macloon*, 4 Wis. 79; *Blanchard v. McDougal*, 6 id. 167; *Smith v. Finch*, 8 id. 245; *Fisher v. Moolick*, 13 id. 321; *Daniels v. Lewis*, 16 id. 140; *Paine v. Wilcox*, id. 202; *Martineau v. May*, 18 id. 57; *Knoll v. Harvey*, 19 id. 99; *Tiernan v. Gibney*, 24 id. 190; *Horn v. Ludington*, 32 id. 73; *Ingles v. Patterson*, 36 id. 377; *Hay v. Lewis*, 39 id. 364; *Schmeling v. Kriessel*, 45 id. 325; *Littlefield v. Littlefield*, 51 id. 23; *Seaman v. Aschermann*, id. 678; *S. C.* 57 id. 547; *Williams v. Williams*, 50 id. 311; *Benson v. Cutler*, 53 id. 107; *Menasha v. Wis. Cent. R. Co.* 65 id. 502.

For the respondents the cause was submitted on the brief of *Williams & May*.

WINSLOW, J. There being no bill of exceptions, the evidence is not before us, and the findings of the court must be accepted as verities. By them it appears that after the execution and delivery of the deed of lot 28 as collateral security only, the defendant *Pflugradt*, by oral agreement, purchased the lot of plaintiff, paid full consideration therefor, and went into possession thereof. These facts clearly entitled defendant *Pflugradt* to a specific performance of

the oral contract to convey. *Blanchard v. McDougal*, 6 Wis. 167. The plaintiff contends that these facts are only available to defendant in an action brought to compel specific performance, or under a counterclaim for that purpose in the present action. The position is not tenable. The plaintiff has come into equity, asking that her deed to defendant be canceled and the defendant's title be compulsorily released to her. Surely equity will not do this when it appears that the defendant is clearly entitled to a conveyance of the premises from the plaintiff. It might have been better to have pleaded the facts as a counterclaim, and prayed for affirmative relief, but the failure so to do does not prejudice plaintiff, nor will it suffice to compel a court of equity to do that which is monstrously inequitable. The statement of the proposition would seem to be its own answer.

